_____FILED  _____ENTERED
_____LOGGED _____RECEIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

AUG 3 1 2009

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                                    DEPUT

BY

| | | |
|---|---|---|
| DESMOND ANTHONY THOMPSON | * | |
| | * | |
| v. | * | Civil Case No. AW-09-1140 |
| | * | Criminal Case No. AW-06-049 |
| UNITED STATES OF AMERICA. | * | |
| | * | |
| | ****** | |

**MEMORANDUM OPINION**

**I**

Before the Court is a Motion/Petition by the Petitioner/Defendant, Desmond Anthony

Thompson, for relief pursuant to 18 U.S.C. § 2255 which was filed in this Court on May 4, 2009.

Following a jury trial, Petitioner was convicted on September 4, 2007 of Conspiracy to Distribute

and Possession with the Intent to Distribute 100 Kilograms or more of Marijuana, a Scheduled I

controlled substance, in violation of 21 U.S.C. § 846. A presentence report was ordered and the

Petitioner continued on his electronic monitoring release status. Petitioner failed to show up for

his November 21, 2007 sentencing. After hearing from the pre-trial service officer who reported

that Petitioner had failed to return to his residence the night before, that his whereabouts were

unknown, and that Petitioner had violated the terms of his release, the Court issued a bench

warrant for Petitioner's arrest. After considering arguments by counsel for each side, the Court

then granted the motion by the Government to sentence Petitioner "in absentia" pursuant to Rule

43 of the Federal Rules of Criminal Procedure. Whereupon, on November 21, 2007 the Court

sentenced Petitioner to 87 months incarceration with the Bureau of Prisons, 5 years supervised

release with conditions, and a special assessment fee of $100. The Judgment/commitment order

was executed on December 14, 2007. Though Petitioner had absconded, counsel for Petitioner,

nevertheless, on November 27, 2007 filed a notice of appeal which was signed solely by counsel. On January 29, 2008, Petitioner was apprehended by the Marshall Service in the state of Connecticut. On July 22, the 4th Circuit granted Petitioner's unopposed motion to dismiss Petitioner's notice of appeal.

## II

In his instant Motion, Petitioner presents two grounds which the Court lifts from his Motion and which Petitioner contends entitle him to relief. First, Petitioner asserts that the Government violated his Sixth Amendment Right to Confrontation and, specifically, the right to confront his accuser by admitting Dwight Perry's statement through DEA Special Agent, James Ervin. Petitioner claims that he was denied the opportunity to confront Dwight Perry during the trial and that Perry's statement/testimony was prejudicial. Second, Petitioner claims he was the victim of ineffective assistance by his trial who did not object to Dwight Perry's statement being admitted into evidence through the DEA Special Agent, James Ervin, which violated his right to confront. Petitioner goes on to claim there was no plausible trial strategy for counsel to have allowed the statement against Petitioner without the chance to confront Dwight Perry. Petitioner concludes his claim by saying that the Government refused to put Dwight Perry on the stand as a witness for the prosecution because the Government found Dwight Perry to be less than truthful during his de-briefing.

In its response the Government does not address the substantive claims in any way but argues that Petitioner's § 2255 Motion must be dismissed because it is time barred and that the Court is without jurisdiction to entertain what the Government asserts is an untimely Motion. The Government's position appears to be succinct and straight-forward. They argue that

Petitioner was sentenced "in absentia" on November 21, 2007 and it is that date (11-21-07) which constitutes the date on which Petitioner's judgment became final. The fact that Petitioner's attorney filed [in their words] an "independent" appeal after the absconding Petitioner was sentenced "in absentia", is, according to the Government, of no moment as Petitioner did not authorize or file an appeal. In short, the Government asserts that Petitioner had one year or until November 21, 2008 to file his § 2255 Motion. Inasmuch as the instant Motion was not filed until May 4, 2009, the Government posits that Petitioner's Motion is untimely and must be dismissed.

### III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as set forth in 28 U.S.C § 2255 (f) provides: A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of–(1) the date on which the judgment of conviction become final; (2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The essential question regarding timeliness boils down to this: At what point did Petitioner's judgment of conviction become final (pursuant to 28 U.S.C § 2255 (f) (1) and which, therefore, triggered the one year period of limitations? Generally, with reference to cases which have been appealed, it is the date on which the appeal has been decided or has become final,

3

including the expiration of the period by which an appellant could seek a Writ of Certiorari.  The Court's initial impression is that the triggering date would be July 22, 2008 which is the date on which the Fourth Circuit [upon request] entered a dismissal of the case.  That would permit this instant Motion which was filed on May 4, 2009 to be timely.  The Government argues otherwise. The problem with the Government's position is that no cases or authority addressing this interesting issue have been provided to the Court.   And in the absence of any case law or other authority for this Court to review,  the Court will simply go with its impression:   That the judgment became final on July 22, 2009 when the appeal was dismissed; and that the instant Motion was filed within the one year limitation period under (AEDPA).

While the Motion survives the Government's claim of untimeliness, the Motion, itself, nevertheless is  fraught with serious and rather grave deficiencies.  Petitioner sets forth in his Motion two grounds: One, that the Government violated his Sixth Amendment Right to Confrontation  by admitting, Dwight Perry's statement/testimony  through DEA Special Agent, James Ervin;  and Two Petitioner claims he was the victim of ineffective assistance by his trial who did not object to the statement/testimony of James Ervin which was admitted through agent Ervin. This is Petitioner's Motion.  There is no further discussion, no further explanation nor any development of these grounds.  Neither is the Motion accompanied by any memorandum or briefing in support of these claims.  The Court is left to engage in utter speculation with respect to what specific testimony/statement  Petitioner refers, the context by which the alleged testimony/statement was admitted, and the nature and extent of any prejudice Petitioner sustained as a result of the alleged testimony/statement.

The Court recognizes that Petitioner's counsel more than likely filed a protective appeal

4

which the Court suspects was not prosecuted (and subsequently voluntarily dismissed) because

Petitioner had absconded and was not available to consult with his counsel regarding issues

Petitioner would want raised on appeal.   Yet, Petitioner appealed and the issue of a violation of

the Confrontation Clause could have been raised and developed.  It was not raised yet it should

have been raised.  Generally, the failure to raise that which could have been raised on appeal is

waived. But here, Petitioner couples this alleged violation of the Confrontation Clause with his

ineffective assistance of counsel claim saying that his counsel should have objected to this

testimony/statement evidence.        With respect to the claim by Petitioner that his counsel was

ineffective, the Court reviews his allegations under the well established standard set forth in

Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the

two prong standard of deficient performance and prejudice.  In other words, in order to succeed

on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's

performance was deficient in that counsel made errors so serious that he ceased to function as a

counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance

prejudiced the defense.  Id.

In this case, the Court does not believe that Petitioner has met his burden to show any

ineffective assistance of counsel.  The Court has reviewed the record in this case and notes that

Petitioner was indicted in a one-count indictment and convicted by a jury for the offense of

Conspiracy to Distribute and Possession with the Intent to Distribute 100 Kilograms or more of

Marijuana.  The Court further notes that Dwight Norman Perry (whose testimony/statement

Petitioner references) was a named co-defendant in the indictment. It is horn book law and

beyond dispute that in a conspiracy trial statements and actions by any member of the conspiracy

5

and made in the course and in furtherance of the conspiracy are admissible against

co-conspirators.  The Court merely makes these observations but has no idea as to the basis,

reasons or specifics by which Petitioner claims that his counsel was ineffective in not objecting to

testimony/statements of co-conspirator Dwight Perry.  Who knows what statement/admission and

of what context Petitioner speaks?  The Court does not know and will not guess.   Beyond the

bald allegations set forth in the two paragraphs which constitute the grounds for the Motion, there

is nothing on this record to support these claims.

### IV

In sum, the long and short of the matter is that the Court has reviewed the current

pleadings and the entire file relative to the present  Motion as well as the underlying criminal case.

The Court finds that Petitioner has not demonstrated a legal and cognizable basis for relief.

Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.  A separate Order will be

issued.


_August 28, 2009_
Date

_Alexander Williams, Jr._
Alexander Williams, Jr.
United States District Judge